J-S13010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAN ABREU | : | |
| | : | |
| Appellant | : | No. 3335 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 18, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002465-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAN ABREU | : | |
| | : | |
| Appellant | : | No. 3336 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 18, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004686-2021

BEFORE: PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED JULY 2, 2026**

Jan Abreu appeals from the judgments of sentence entered in the Court of Common Pleas of Philadelphia County. Abreu challenges the discretionary aspects of his sentence imposed at docket no. CP-51-CR-0002465-2019. After careful review, we vacate the sentence imposed at docket no. CP-51-CR-0004686-2021, and affirm the sentence imposed at docket no. CP-51-CR-0002465-2019. However, since both sentences were imposed concurrently

and for the same length, the vacating of the sentence imposed at docket no. 4686-2021 does not alter the overall sentencing scheme. Therefore, a remand is not warranted.

The trial court aptly summarized the relevant procedural and factual history.

On June 4, 2019 Appellant, Jan Abreu, entered into a negotiated guilty plea before [the trial court] to one count of receiving stolen property ("RSP") as a felony of the third degree on CP-51-CR-0002465-2019. On April 24, 2021, while on [the trial court's] probation, [Abreu] was arrested and charged with burglary as a felony of the second degree on CP-51-CR-0004686-2021. On September 20, 2021, [Abreu] entered into a negotiated guilty plea to one count of burglary on CP-51-CR-0004686-2021. [The trial court] sentenced [Abreu] to 6 to 12 months of confinement followed by 2 years of probation, and ordered that probation be continued on CP-51-CR-0002465-2019.

On February 7, 2022, [Abreu] was arrested and charged with criminal mischief (damage to property) in Montgomery County. **At the time of his arrest, [Abreu] was on probation on CP-51-CR-0002465-2019 and on parole on CP-51-CR-0004686-2021**. [Abreu] entered into a guilty plea in Montgomery County on September 14, 2022[, docket no. CP-46-CR-0000828-2022.] On July 8, 2022, the Honorable Robert P. Coleman lifted [Abreu's] VOP detainer and ordered him to be transferred to a treatment facility. Following a VOP hearing on November 18, 2022, [the trial court] found [Abreu] in direct violation of its probation and parole and imposed a VOP sentence of 3 to 6 years of confinement on each docket, to run concurrent. A presentence investigation report (PSI) was ordered and reviewed prior to the 2022 VOP hearing.

On November 22, 2022, [Abreu] filed a motion for reconsideration of VOP sentence on CP-51-CR-0004686-2021. [The post-sentence motion was deemed denied by operation of law on March 22, 2023. **See** Pa.R.Crim.P. 720(3)(a).] No post-sentence motions were filed on CP-51-CR-0002465-2019, and no direct appeal was filed for either case. On December 12, 2023, [Abreu] filed a *pro se* petition [at both docket numbers] pursuant to the Post Conviction Relief Act ("PCRA"). PCRA counsel was subsequently

appointed and filed an amended petition on August 7, 2024 seeking reinstatement of appellate rights. On December 6, 2024, [the trial court] granted [Abreu's] petition and reinstated his post-sentence motion and appellate rights *nunc pro tunc*. [Abreu] did not file any post-sentence motions. On December 15, 2024, [Abreu] filed a timely notice of appeal to the Superior Court of Pennsylvania. [The trial court] issued an order pursuant to Pa.R.A.P. 1925(b), requiring [Abreu] to file a concise statement of matters complained of on appeal on December 31, 2024 and again on January 23, 2025.[FN2] [Abreu] filed a concise statement on January 27, 2025, in which he asserts that [the trial court's] VOP sentence is excessive in light of the nature of the charges, his struggles with addiction, and his "minimal criminal record."

> [FN2: [Abreu] did not file a Concise Statement in response to [the trial court's] December 31st order. Because this was uncharacteristic of appellate counsel, [the trial court] issued a second order and accepted [Abreu's] January 27th statement.]

Trial Court Opinion, 2/25/25, at 1-2 (emphasis added).

Abreu raises a single issue for our review; he claims that his sentence "was so extreme as to be an abuse of discretion and warrants a resentencing hearing." Appellant's Brief, at 6 (unnecessary capitalization omitted).

This issue challenges the discretionary aspects of Abreu's sentence. However, at the outset we must address the legality of Abreu's sentence at docket no. 4686-2021. "An appellate court may address, and even raise *sua sponte*, challenges to the legality of an appellant's sentence even if the issue was not preserved in the trial court." ***Commonwealth v. Armolt***, 294 A.3d 364, 376 (Pa. 2023) (citation omitted).

"[T]he anticipatory revocation of a probation sentence that has yet to start is illegal under Pennsylvania law." ***Commonwealth v. Rosario***, 294

- 3 -

A.3d 338, 356 (Pa. 2023). "[I]f the order of probation is imposed consecutively to a term of imprisonment, the order of probation and the conditions of that order cannot take effect until the term of imprisonment ends." **Commonwealth v. Simmons**, 262 A.3d 512, 523 (Pa. Super. 2021) (*en banc*) (internal quotation marks omitted). As Pennsylvania courts have recognized, this is relevant for sentencing a defendant for a parole or probation violation because "[a] court faced with a violation of probation may impose a new sentence so long as it is within the sentencing alternatives available at the time of the original sentence." **Commonwealth v. Diaz**, 314 A.3d 852, 854 (Pa. Super. 2024), *appeal denied*, 332 A.3d 1182 (Pa. 2025) (citation omitted). "In contrast, a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment." **Id.** (citation and brackets omitted). Accordingly, "[a]n order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed." **Commonwealth v. Cooper**, 277 A.3d 1190, 1193 (Pa. Super. 2022) (internal quotation marks and citation omitted).

Although the sentencing order is unclear about whether the trial court sentenced Abreu at docket no. 4686-2021 for violating his parole, anticipatorily violating his probation, or both, **see** Sentencing Order, 11/18/22, Docket No. CP-51-CR-0004686-2021; **see also** N.T., 11/18/22, at 14-16, both the trial court and the Commonwealth acknowledge that the

sentence was an illegal anticipatory revocation of probation sentence.[1] ***See*** Trial Court Opinion, 2/25/25, at 2-3; Appellee's Brief, at 6-7. We agree.

When Abreu was arrested, he was on probation at docket no. 2465-2019 and on parole at docket no. 4686-2021. His probationary term for docket no. 4686-2021 had not yet begun. Therefore, for docket no. 4686-2021, he could only be sentenced for his parole violation. The original sentence imposed for docket no. 4686-2021 was six to twelve months incarceration, followed by two years of probation. Upon revocation, the trial court exceeded the original period of incarceration and imposed a term of three to six years' incarceration. As this period of incarceration exceeded his initial sentence, it could only have been imposed for a probation violation, not a parole violation. ***See Diaz***, 314 A.3d at 854. However, because Abreu was still on parole for docket no. 4686-2021, the trial court could not sentence him to a term of incarceration that exceeded his initial sentence. By doing so, as the trial court recognizes, it anticipatorily revoked his probation at docket no. 4686-2021. Such a sentence is illegal and must be vacated.

Nevertheless, because the two sentences at each docket number were for the same period of time, three to six years' incarceration, and were imposed concurrently, the illegality of the sentence imposed at docket no. 4686-2021 does not alter the overall sentencing scheme and therefore, does

_____

[1] We appreciate the candor of the trial court and the Commonwealth in aiding our appellate review.

- 5 -

not by itself warrant a remand for resentencing. **See Commonwealth v. Cruz**, 348 A.3d 1199, 1215 (Pa. Super. 2025), *appeal denied*, No. 729 MAL 2025, 2026 WL 1478361 (Pa. May 27, 2026). Therefore, we proceed to the issue raised by Abreu.

Abreu argues that the trial court abused its discretion by imposing an unduly harsh and excessive sentence at docket no. 2465-2019. **See** Appellant's Brief, at 8. He argues that the trial court did not properly account for mitigating factors such as his drug addiction, his rehabilitation efforts, and the non-violent nature of his crime. **See id.** at 10, 12-14. The Commonwealth argues that Abreu has waived the issue because he failed to file a post-sentence motion for docket no. 2465-2019 and the trial court did not abuse its discretion because it considered all relevant factors. **See** Appellee's Brief, at 7-8.

An appellant does not have an absolute right to appeal the discretionary aspects of a sentence, and such a claim is considered a petition for permission to appeal. **Commonwealth v. Harris**, 352 A.3d 460, 464 (Pa. Super. 2026). To invoke this Court's jurisdiction, we must determine:

> (1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code.

**Id.** (citation omitted).

Abreu timely appealed and included a statement of reasons for allowance of appeal in his brief. Further, the claim he raises—that the trial court failed to properly consider mitigating factors and imposed an excessive sentence—constitutes a substantial question. *See Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022) (finding that a claim that the trial court failed to properly consider mitigating factors and imposed an excessive sentence, raised a substantial question). However, "[t]o preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion." *Commonwealth v. Verma*, 334 A.3d 941, 946 (Pa. Super. 2025). Abreu never filed a post-sentence motion for docket no. 2465-2019, even after his post-sentence motion rights were reinstated *nunc pro tunc*. Therefore, he has failed to invoke our jurisdiction.

Even if he properly preserved his claim, he would not be entitled to relief.

Our standard of review for the discretionary aspects of sentence is well established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Agugliaro*, 342 A.3d 105, 116 (Pa. Super. 2025) (citation omitted).

The trial court thoroughly explained its reasoning for imposing the sentence.

> The VOP sentence imposed by [the trial court] was legal. The sole inquiry here is whether the sentence exceeded the maximum statutory penalty. Upon revocation of probation, a sentencing court possesses the same sentencing alternatives that it had at the time of initial sentencing. 42 Pa. C.S.A. § 9771(b); *e.g.* **Commonwealth v. Pierce**, 441 A.2d 1218 (Pa. 1982). In this case, RSP is a felony of the third degree punishable by up to 7 years of confinement. [Abreu] was previously sentenced to 3 years of probation. Therefore, the sentence of 3 to 6 years of confinement was within the statutory limits. Moreover, the resentencing guidelines do not apply, as [Abreu] committed this offense prior to January 1, 2020. **See** 204 Pa. [Code] § 307[.2](b).
>
> Moreover, a sentence of total confinement was appropriate given the circumstances of this case. Under the law at the time of [Abreu's] VOP hearing, upon revocation of probation, the trial court could impose total confinement if one of three conditions were met:
>
> > (1) defendant has been convicted of another crime;
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.
>
> 42 Pa. C.S.A. § 9771(c) (version effective December 18, 2019 to June 10, 2024).
>
> Here, [Abreu] satisfied all three of the conditions of § 9771(c). He was convicted [of] a new crime while on [the trial court's] probation. This was not [Abreu's] first direct violation, indicating that he will continue to commit crimes if not incarcerated. [The trial court] also determined that it needed to vindicate its authority in light of the chances [Abreu] has been given and his disregard for the terms of his pronation. N.T. 11/18/2022 15:3-4 ("I'm very disappointed that I gave you an opportunity and you clearly

thought I wasn't serious."). Therefore, a sentence of total confinement was appropriate.

In addition to the conditions of § 9771(c), [the trial court] properly considered [Abreu's] background, rehabilitative needs, criminal history, and the need to protect the public when fashioning its sentence. "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of *all* appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v, Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing **Commonwealth v, Devers**, 546 A.2d 12, 18-19 (Pa. 1988)) (emphasis added). As a PSI was prepared and reviewed in advance of the VOP hearing, [the trial court] is entitled to the presumption that it was aware of all relevant sentencing factors.

Moreover, [Abreu's] assertion that he has a "minimal criminal record" and that [the trial court] should have imposed a more lenient sentence based on the nature of his violating offense is belied by his history with the criminal justice system. In 2015, [Abreu] entered into a negotiated guilty plea to 5 separate burglaries. [Abreu] pled guilty to RSP on this matter in 2019, while on probation for those burglaries. Then, while on probation for this matter, [Abreu] pled guilty to yet another burglary in 2021, and to criminal mischief involving damage to property in 2022. Therefore, the record shows that [Abreu h]as a significant history of crimes against property.

In addition to [Abreu's] criminal record, [the trial court] took into consideration his substance abuse issues, his struggles with homelessness, and his desire to improve his life and support his partner. **See** N.T. 11/8/2022 5:6-10 (counsel's discussion of addiction issues), 7:19-14:17 ([Abreu's] allocution discussing homeless, plans to improve his life). [The trial court] is sympathetic to [Abreu's] struggles and has given him multiple chances to rehabilitate himself. Unfortunately, [Abreu] does not appear interested in doing so, and has had trouble complying with treatment. [The trial court] ordered that [Abreu] undergo a forensic intensive recovery ("FIR") evaluation in 2019, 2021, and 2022. [Abreu] attended treatment in 2019, but tested positive for cocaine roughly 3 months into his supervision. Gagnon II, 12/18/2019. [Abreu] attended treatment at CleanSlate in 2021. In 2022, upon lifting [Abreu's] VOP detainer, [Abreu] was

transported to River's Bend for treatment. [Abreu] was discharged from River's Bend in August 2022 and was supposed to attend follow up treatment at Casa de Consejeria. [Abreu] barely attended follow up treatment. *See* Gagnon II, 11/2/2022 (discharged from River's Bend on 8/10/2022, had not attended Casa de Consejeria for two weeks as of 9/9/2022). On his final visit to Casa de Consejeria, [Abreu] tested position for PCP, cocaine, and THC. When [Abreu] subsequently reported to probation, he tested positive for amphetamines and THC. Gagnon II, 11/2/2022. [Abreu] did not participate in the FIR evaluation in 2022, ostensibly because he was without a stable phone number. N.T. 11/18/2022 5:11-16. Having considered all of these factors, [the trial court] determined that less restrictive sentences and measures had failed to rehabilitate [Abreu], and that a state sentence was therefore necessary for rehabilitation and to protect the public.

Trial Court Opinion, 2/25/25, at 3-6.

The trial court did not commit any errors in identifying and applying the relevant law. It considered the relevant sentencing factors from which it made a well-reasoned judgment that the appropriate sentence was a period of incarceration less than the statutory maximum. Such well-reasoned sentencing decisions are well within the trial court's discretion, and therefore, we discern no abuse of discretion.

Accordingly, we affirm the judgment of sentence at docket no. 2465-2019 and vacate the judgment of sentence at docket no. 4686-2021. As our vacating of the judgment of sentence at docket no. 4686-2021 does not alter the sentencing scheme, no remand is necessary.

Judgment of sentence at docket no. 4686-2021 vacated. Judgment of sentence at docket no. 2465-2019 affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2026